UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARRY BARNETT, | ) | |
| Plaintiff, | ) | |
| | ) | NO. 16-CV-9335 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| MENARD, INC. | ) | |
| Defendant. | ) | |

**PLAINTIFF'S POST-TRIAL MOTIONS**

NOW COMES the Plaintiff, Harry Barnett, by and through his attorney, Adam M. Altman, and pursuant to Federal Rules of Civil Procedure 50(b) and 59, moves this Honorable Court to enter an order directing judgment as a matter of law, or to enter an order for a new trial. In support, Barnett states the following:

This case involved an injury that Mr. Barnett suffered on September 2, 2014 while he was shopping at a Menard's store located at 4501 West North Avenue in Chicago. Mr. Barnett was picking lumber boards measuring approximately two inches thick by four inches wide ("2x4"), and 10-feet long, when an adjacent stack of 12-foot 2x4 boards collapsed and fell on his left leg and foot. The boards collapsed as a result of Defendant failing to stack and secure the boards in a safe manner, which caused Mr. Barnett's injuries.

During the discovery phase of this case, Mr. Barnett sent various interrogatories to Defendant. In one of those interrogatories, he asked Defendant to identify safety measures that it had in place to mitigate the risks of falling objects that might harm people in Defendant's retail stores. Defendant objected to that interrogatory, and refused to produce any written safety measures, arguing that such information was proprietary. At trial, and over Mr. Barnett's objections, Defendant relied upon, and published to the jury, its "Policy & Procedure #99 –

1

Material Handling" during the testimony of one of its witnesses. This Court should not have permitted Defendant to benefit from its own discovery violations, and should now grant Mr. Barnett a new trial on that basis.

In addition, at a jury instruction conference on November 5, 2019, the Court noted that it was inclined to deny Defendant's request for a jury instruction on comparative negligence, explaining that no reasonable juror could find that Mr. Barnett contributed to the injuries that he suffered. Following the conclusion of Defendant's case-in-chief the next morning, this Court did in fact deny the request for a comparative negligence jury instruction. Mr. Barnett then moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), which this Court denied. After closing arguments on November 6, 2019, a jury reached a verdict in favor of Defendant Menard, Inc., and against Mr. Barnett.

This Court should grant Mr. Barnett judgment as a matter of law under Rule 50(b) because no reasonable factfinder could have ruled in favor of Defendant on the question of liability. Mr. Barnett did nothing to contribute to the injury that he suffered in Defendant's store, and this Court stated as much during the jury instruction conference on November 5. The jury's verdict ran contrary to the manifest weight of the evidence, and a judgment notwithstanding that erroneous verdict is appropriate.

Alternatively, should this Court deny Mr. Barnett relief on that issue, it should grant him a new trial based on Defendant's discovery violation. A new trial is the only proper sanction for Defendant's abuse of the discovery rules. Nothing less than a new trial, along with an award for attorneys' fees and costs, would be sufficient because no lesser sanction will put Mr. Barnett back to where he would have been absent Defendant's misconduct. Moreover, but for the

discovery violation, the outcome of the trial would have been different because Defendant's policies and procedures about handling materials was a crucial evidentiary point in the case.

    WHEREFORE, Plaintiff Harry Barnett requests that this Court enter a judgment in his favor, as a matter of law, or order a new trial. Mr. Barnett also requests that this Court award him attorney's fees and costs, and that it grant him any additional relief that it deems just.

                                            Respectfully submitted,

                                            /s/ *Adam M. Altman*

Adam M. Altman
Adam M. Altman, Ltd.
Attorney No. 6310938
1000 S. Clark St., #1707
Chicago, IL 60605
(773) 426-6373

## **CERTIFICATE OF SERVICE**

I, Adam M. Altman, attorney for Plaintiff Harry Barnett, hereby certify that on Monday, the 2nd day of December 2019, I filed the above-described document(s) on the CM/ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

Respectfully submitted,
*/s/ Adam M. Altman*
Adam M. Altman, Ltd.
Attorney No. 6310938
1000 S. Clark St., #1707
Chicago, IL 60605
(773) 426-6373
